IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

THOMAS R. COHENOUR,            )
                               )
          Plaintiff            )
                               )
     v.                        )     No. 4:04-cv-15
                               )
CITY OF WINCHESTER,            )
TENNESSEE,                     )
                               )
          Defendant            )
                               )

## MEMORANDUM OPINION

This action was removed to this court from the Circuit Court of Franklin County, Tennessee. Plaintiff Thomas R. Cohenour contends that his due process rights under the Fourteenth Amendment were violated when he was terminated from his position of building official with the City of Winchester. Currently pending is plaintiff's motion for partial summary judgment on the issue of whether the City completed plaintiff's due process hearing within a reasonable time [Court File #12]. For the reasons that follow, the motion will be denied.

I.

*Factual Background*

Plaintiff Thomas Cohenour was the building inspector / codes administrator for the City of Winchester for 11 to 12 years. This was a public position in which the building inspector comes into contact with the public on a daily basis. The building inspector is an employee-at-will of the City of Winchester and works with contractors and citizens involved in the construction and improvement of residences and businesses.

In the fall of 2002, Sonny Elliott, an electrical contractor in Winchester, complained to the City that Cohenour had put the contractor's name and his state electrical license number on a permit intended for improvements to the City Hall Annex building. Previously, Mr. Elliott had specifically denied Mr. Cohenour the right to use his license for the improvements. It was also claimed that in 1999 Mr. Cohenour improperly used his position as a city building inspector to acquire a piece of commercial property from Eva Taylor.

When the two matters mentioned above came to the attention of the City of Winchester officials, the matters were referred to the Tennessee Bureau of Investigation which led to indictments of Mr. Cohenour. By letter dated March 3,

2003, Beth Rhoton, City Administrator for the City of Winchester, placed Mr. Cohenour on immediate suspension without pay pending a hearing prior to terminating his employment with the City. Her decision was based upon Mr. Cohenour's misuse of his position as a city employee and how he conducted himself as a city employee.

On October 27, 2004, Charles C. Sullivan, II, an administrative law judge (ALJ) assigned by the Tennessee Secretary of State, heard plaintiff's administrative appeal of his termination. The ALJ did not deliver his opinion until May 22, 2006. This delay was neither the fault of Mr. Cohenour nor the City of Winchester, but rather resulted from delays in the availability of the transcript and delays caused by personal matters of the judge.

In rendering his opinion, the ALJ concluded that the City properly followed its procedures found in its employee handbook and that Mr. Cohenour's effectiveness and reputation as a codes inspector had become severely impaired by his dishonest acts and that such circumstances were sufficient for termination of his employment for the good of the City of Winchester. Accordingly, his dismissal was upheld.

II.

## *Analysis*

Plaintiff contends that he is entitled to summary judgment on the issue of whether his due process rights were violated by an unreasonable delay between the date of his hearing and the date of the opinion upholding the City's dismissal of Cohenour. Cohenour concedes that the hearing was properly conducted on October 27, 2004, and the opinion has now been officially issued by the ALJ. The delay in the issuance of the opinion was caused by delays in the transfer of the transcript and personal matters of the ALJ. There is no evidence that the City was at fault in any way in delaying the delivery of the ALJ's decision. Moreover, the decision that was ultimately issued upheld the plaintiff's termination so that plaintiff suffered no injury as a result of the delay. Quite simply, if the ALJ's opinion had been issued immediately, plaintiff would have suffered the injury he claims, damage to his reputation and ability to obtain other work, much sooner.

Accordingly, plaintiff is not entitled to summary judgment on the issue of whether the City deprived him of due process rights when the ALJ's opinion was not delivered for near a year and a half.

## III.

### *Conclusion*

In light of the foregoing, plaintiff's motion for partial summary judgment [Court File #12] will be denied.

Order accordingly.

                                                ***s/ James H. Jarvis***
                                          UNITED STATES DISTRICT JUDGE