IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

THOMAS R. COHENOUR, )
        Plaintiff )
        v. ) No. 4:04-cv-15
CITY OF WINCHESTER, )
TENNESSEE, )
        Defendant )
)

## MEMORANDUM OPINION

This is a civil action brought pursuant to 42 U.S.C. § 1983 wherein plaintiff claims that he was deprived of a property interest without due process of law when he was fired from his job as building inspector/codes administrator for the City of Winchester. Plaintiff also claims that the City fired him in retaliation for his exercise of his First Amendment rights. Currently pending is defendant's motion for summary judgment [Court File #20]. For the reasons that follow, the motion will be granted.

I.

*Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiff.

Plaintiff Thomas Cohenour was employed as the building inspector for the City of Winchester for approximately 12 years. Sometime in the year 2002, Winchester city officials learned of allegations that Cohenour had improperly used his position to acquire a piece of commercial property in 1999. In the fall of 2002, Sonny Elliott, an electrical contractor in Winchester, complained to the City that Cohenour had put the contractor's name and his state electrical license number on a permit intended for improvements to the City Hall Annex building. Previously, Mr. Elliott had specifically denied Mr. Cohenour the right to use his license for the improvements.

When the two matters mentioned above came to the attention of the City of Winchester officials, the matters were referred to the Tennessee Bureau of Investigation, which led to the filing of two criminal indictments against him. By letter dated March 3, 2003, Beth Rhoton, the City Administrator, placed Mr. Cohenour on immediate suspension without pay pending a hearing prior to terminating his

2

employment with the City. Ms. Rhoton sent Mr. Cohenour a suspension letter which stated in part the following:

> This letter is to formally advise you that effective immediately you are placed on suspension without pay. Recently, the City received information from a third (3rd) party source, which was followed up by an investigation, that has resulted in possible criminal charges against you as a result of your actions while an employee of the City of Winchester. These are in direct violation of Section 6D-4 of the Personnel Rules and Regulations for the City of Winchester.
>
> Pursuant to Personnel Policies you have the right to demand a hearing before the entire council. This request for hearing must be made within fourteen (14) days of the date of this letter. You have the right to have an attorney present at that hearing, the right to introduce proof, and the right to have a written decision of the determination made by the City Council.

*See* Ex. 1 to Supplemental Affidavit of Beth Rhoton.

Plaintiff, through his attorney, waived the pre-termination hearing. Further, plaintiff's attorney and the City's attorney agreed that any post-termination hearing would be held in abeyance until resolution of all criminal matters. The first case, No. 15085, apparently involved the misuse of the contractor's name on the permit, and the state court, sitting without a jury, found the plaintiff not guilty on January 21, 2004. The second case, No. 15086, apparently involved the acquisition of the commercial property in 1999 and was dismissed on July 6, 2004. This case

3

was filed on March 15, 2004. Prior to being given a hearing before an administrative law judge (ALJ), Cohenour was furnished in this case with responses to written discovery which included the City of Winchester Police Department's investigative file, which Ms. Rhoton had reviewed. That file included information about both the alleged misuse of the contractor's license and the alleged improper use of his position to acquire the commercial property in 1999. A hearing was held before ALJ Charles Sullivan on October 27, 2004, with regard to whether there were sufficient grounds for terminating Mr. Cohenour. During the hearing, Cohenour was represented by an attorney, was allowed to present evidence, and, through his attorney, presented and cross-examined witnesses.

The administrative law judge did not deliver his opinion until May 22, 2006. At that time, the ALJ concluded that the City had properly followed its procedures found in its employee handbook, and that Mr. Cohenour's effectiveness and reputation as a codes inspector had been severely impaired by his dishonest acts and that such circumstances were sufficient for termination of his employment for the good of the City of Winchester. Accordingly, his dismissal was upheld. In his written findings of fact, the administrative law judge considered both the incident involving Sonny Elliott, the electrical contractor, in 2002, and the incident involving the acquisition of the commercial property in 1999.

Defendant has submitted the affidavit of ALJ Sullivan. In that affidavit the ALJ stated in part the following:

. . .

> 5. During the hearing, Cohenour did not claim that City Administrator Beth Rhoton's (Rhoton's) decision to terminate him was in retaliation for his exercise of any First Amendment right. No evidence related to a First Amendment retaliation claim was presented to me. I was unaware of Cohenour's claim of retaliation, and my decision was not related to Cohenour's exercise of any First Amendment right. My reasons for upholding Rhoton's decision to terminate Cohenour are detailed in the order of May 22, 2006. There are no other reasons for my decision.

*See* Affidavit of Charles C. Sullivan, II.

Plaintiff's employment with the City of Winchester is governed by a manual titled "Employee Handbook Personnel Rules and Regulations for the City of Winchester." That manual provides that, "Nothing in this document is to be interpreted as giving an employee any more property rights in their job than they already be given by the City Charter." The manual does not provide any specific term of employment for any employee of the City. Nor does the Charter of the City of Winchester confer any property rights in employment or establish a specific term of employment for any City employee. Further, the City Charter gives the City Clerk "authority to make the motions, suspensions and removals of employees for

5

reasonable cause. ... " Nothing in either document indicates that City employees are anything other than employees-at-will.

II.

### *Summary Judgment Standards*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere

existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

### III.
### *The Existence of a Property Interest*

Before considering what procedures plaintiff was entitled to prior to termination of his employment, the court must consider whether plaintiff actually had a property interest in his employment. Whether a property interest exists is determined by looking to state law. *Ludwig v. Bd. of Trustees*, 123 F.3d 404, 409 (6th Cir. 1997). Tennessee law presumes that an employee is an employee-at-will unless otherwise shown. *Rose v. Tipton County Public Works*, 953 S.W.2d 690, 691-92 (Tenn. Ct. App. 1997).

Under Tennessee law, it has long been held that a contract of employment for an indefinite period of time is a contract-at-will and can be terminated by either party at any time without cause. *Bringle v. Methodist Hospital*, 701 S.W.2d

7

622, 625 (Tenn. Ct. App. 1985). An employee who is employed for an indefinite duration of employment does not possess a property interest in their continued employment and cannot maintain a cause of action for a procedural due process violation. *Brown v. City of Niota, Tennessee*, 214 F.3d 718, 722 (6th Cir. 2000).

In this case, plaintiff's employment with the City is governed by the employee handbook. That handbook provides that no employee is given any more property rights in their job than are given by the City Charter. In addition, the handbook does not provide for a specific term of employment for any employee. The Charter does not confer any property rights in employment or establish a specific term of employment for any employee, and the City Clerk has the authority to make removals of employees for reasonable cause. Under the circumstances, there is nothing in the manual or the Charter which would give plaintiff a property interest in his employment. Therefore, for this reason alone, defendant is entitled to summary judgment on plaintiff's claim that he was deprived of a property interest without due process.

IV.

*Pre- and Post-Termination Hearings*

Even if plaintiff had a property interest in his employment, the court finds that he received an adequate hearing. The City offered Cohenour a pre-termination hearing, but he waived it through his attorney. The City then offered plaintiff a post-termination hearing. At the request of plaintiff's attorney, the post-termination hearing was delayed until after all criminal charges against Cohenour had been resolved. Prior to the hearing, plaintiff received discovery in this case which adequately notified him of all the allegations being made against him which formed the basis for his termination. Plaintiff was represented at the hearing by counsel, who was able to present evidence and cross-examine all witnesses. The administrative law judge made detailed findings of fact and conclusions of law explaining the basis for his decision to uphold Mr. Cohenour's termination. Accordingly, the court concludes that if plaintiff was entitled to a due process hearing because of a property interest which he held in his job, he received it.

Plaintiff contends that the City ignored certain provisions of the employee handbook by terminating his employment after he had already been subject to a two-week suspension for the incident with the electrical contractor and for not warning plaintiff that his work performance had fallen below acceptable levels

9

before terminating him. To the extent that the City may have not complied with these provisions, such claims are at best breach of contract claims. No claim for a breach of contract is made in the complaint.

V.

*Plaintiff's Retaliation Claim*

Plaintiff alleges that the City termination him in retaliation for the exercise of his First Amendment rights. In order to determine whether the termination of a government employee is in retaliation for the exercise of his First Amendment rights, the Supreme Court has established a three-step inquiry. *Rogers v. Banks*, 344 F.3d 587, 596 (6th Cir. 2003). The first step is to ascertain whether the employee's speech addresses a matter of public concern. *Rogers*, 344 F.3d at 596 (citing *Connick v. Myers*, 461 U.S. 138, 143 (1983)). If the speech addresses a matter of public concern, the court must then balance the interests of the public employee "as a citizen, in commenting on matters of public concern with the interest of that State, as the employer, in promoting the efficiency of the public services it performs through its employees." *Rogers*, 344 F.3d at 596 (quoting *Pickering v. Bd. of Education*, 391 U.S. 563, 568 (1968)). Last, the court must determine whether the employee's speech was a substantial or motivating factor in the employer's decision

to terminate the employee. *Rogers*, 344 F.3d at 596 (citing *Mt. Healthy City School District Bd. of Education v. Doyle*, 429 U.S. 274, 287 (1977)).

If an employee's supervisor recommends adverse action toward an employee because of an improper motive, the employee must prove a "causal nexus" between the decision of the final decision-maker and the supervisor's improper animus in order to establish a *prima facie* case. *Christian v. Wal-Mart Stores*, 252 F.3d 862, 877 (6th Cir. 2001). In such a situation, the plaintiff must offer evidence that the supervisor's improper animus was the cause of the adverse employment action or somehow influenced the ultimate decision-maker. *Id.*

In this case, it is undisputed that the ultimate decision-maker, Administrative Law Judge Sullivan, was not aware of any claim of retaliation or that the plaintiff had spoken out on a matter of public concern. Accordingly, plaintiff has not presented any evidence to establish the causal element of a First Amendment retaliation claim.

VI.

*Conclusion*

In light of the foregoing, defendant's motion for summary judgment [Court File #20] will be granted and this action dismissed.

Order accordingly.

                                             ***s/ James H. Jarvis***
                                          UNITED STATES DISTRICT JUDGE